**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY, SIERRA CLUB, COAL RIVER MOUNTAIN WATCH, OHIO VALLEY ENVIRONMENTAL COALITION

Plaintiffs,

v.

DANIEL M. ASHE, *et al.*,

Defendants,

and

AMERICAN FOREST & PAPER ASSOCIATION, *et al.*,

Defendant-Intervenors.

Case No: 1:15-cv-00477-EGS

DEFENDERS OF WILDLIFE,

Plaintiff,

v.

DANIEL M. ASHE, *et al.*,

Defendants,

and

AMERICAN FOREST & PAPER ASSOCIATION, *et al.*,

Defendant-Intervenors.

Case No. 1:16-cv-00910-EGS
(Consolidated Cases)
Honorable E.G. Sullivan

**FEDERAL DEFENDANTS' ANSWER TO DEFENDERS OF WILDLIFE'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants Daniel M. Ashe, Director of the United States Fish and Wildlife Service; S.M.R. Jewell, Secretary of the United States Department of the Interior; and the United States Fish and Wildlife Service ("Service") (collectively, "Federal Defendants") respond as follows to Defenders of Wildlife's ("Plaintiff's") Complaint for Declaratory and Injunctive Relief. The numbered paragraphs of Federal Defendants' Answer correspond to the numbered paragraphs of Plaintiff's Complaint.

1. The allegations in Paragraph 1 are Plaintiff's characterization of its organization and this lawsuit, which require no response. To the extent a response is required, Federal Defendants deny the allegations.
2. Federal Defendants deny the allegations in the first sentence of Paragraph 2 as vague and ambiguous. Federal Defendants deny the allegations in the second sentence of Paragraph 2 as to the impact of White-Nose Syndrome on northern long-eared bat populations, but aver that northern long-eared bat populations have declined and that the decline in the species is due in part to the spread of a fungal bat disease commonly referred to as White-Nose Syndrome. The remaining allegations in the second sentence of Paragraph 2 purport to describe and characterize the Proposed Rule for Listing the Northern Long-Eared Bat as an Endangered Species, 78 Fed. Reg. 61,046 (Oct. 2, 2013) ("Proposed Rule for Listing"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's plain language, meaning, and/or context. Federal Defendants deny the allegations in the third sentence of Paragraph 2.
3. Federal Defendants deny the allegations in Paragraph 3.

4. Federal Defendants admit the allegations in the first sentence of Paragraph 4 that the Service listed the northern long-eared bat as threatened and promulgated a species-specific rule under the authority of Section 4(d) of the Endangered Species Act ("ESA"), but deny the remaining allegations in the first sentence of Paragraph 4. Federal Defendants deny the remaining allegations in Paragraph 4.

5. Federal Defendants deny the allegations in Paragraph 5.

6. The allegations in Paragraph 6 are Plaintiff's characterization of its case and request for relief, which requires no response. To the extent a response is required, Federal Defendants deny those allegations and further deny that Plaintiff is entitled to any relief whatsoever.

7. The allegations in Paragraph 7 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

8. The allegations in Paragraph 8 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

9. The allegations in Paragraph 9 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

10. The allegation in Paragraph 10 that "[a]s required by Section 11(g)(2)(C) of the ESA, 16 U.S.C. § 1540 (g)(2)(C)" is a legal conclusion that requires no response. To the extent a response is required, Federal Defendants deny that allegation. Federal Defendants deny the remaining allegations in Paragraph 10, but aver that Federal Defendants received a letter from Plaintiff styled as a "Sixty-Day Notice of Intent to Sue to Remedy Violations of the Endangered Species Act Arising from the U.S. Fish and Wildlife Service's Final Rule Listing the Northern Long-Eared Bat as Threatened

Rather than Endangered, 80 Fed. Reg. 17,974 (Apr. 2, 2015), and the Final 4(d) Rule for the Northern Long-Eared Bat, 81 Fed. Reg. 1900. (Jan. 14, 2016)" ("notice letter") on March 3, 2016 via electronic mail and via certified mail/return receipt requested on March 7, 2016.

11. Federal Defendants admit the allegations in Paragraph 11.

12. Federal Defendants admit the allegations in Paragraph 12.

13. Federal Defendants admit that the above-referenced notice letters were received more than 60 days ago, but deny the remaining allegations in Paragraph 13.

14. The allegations in Paragraph 14 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

15. Federal Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 15, and therefore deny same.

16. The allegations in the first sentence of Paragraph 16 are Plaintiffs' characterization of this lawsuit, which requires no response. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 16, and therefore deny same. Federal Defendants deny the remaining allegations in Paragraph 16.

17. Federal Defendants deny the allegations in Paragraph 17.

18. Federal Defendants admit the allegations in the first sentence of Paragraph 18 that "DANIEL M. ASHE is Director of the U.S. Fish and Wildlife Service, a federal agency within the Department of the Interior." Federal Defendants deny the remaining

allegations in the first and second sentences of Paragraph 18 as vague and ambiguous. Federal Defendants admit the allegations in the third sentence of Paragraph 18.

19. Federal Defendants admit the allegations in the first sentence of Paragraph 19 that "SALLY JEWELL, United States Secretary of the Interior, is the highest-ranking official within the U.S. Department of the Interior." Federal Defendants deny the remaining allegations in the first sentence of Paragraph 19 as vague and ambiguous. Federal Defendants admit the allegations in the second sentence of Paragraph 19.

20. Federal Defendants admit the allegations in the first sentence of Paragraph 20 that the "U.S. FISH AND WILDLIFE SERVICE is an agency or instrumentality of the United States." Federal Defendants deny the remaining allegations in the first sentence of Paragraph 20 as vague and ambiguous. Federal Defendants admit the allegations in the second sentence of Paragraph 20.

21. The allegations in Paragraph 21 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

22. The allegations in Paragraph 22 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

23. The allegations in Paragraph 23 purport to describe and characterize two federal circuit court decisions, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the decisions' plain language, meaning, and/or context.

24. The allegations in Paragraph 24 purport to describe and characterize 50 C.F.R. § 402.01(b), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the regulation's plain language, meaning, and/or context.

25. The allegations in Paragraph 25 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with Section 4's plain language, meaning, and/or context.

26. The allegations in Paragraph 26 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

27. The allegations in Paragraph 27 purport to describe and characterize the ESA, 50 C.F.R. § 17.3, and the United States Supreme Court's decision in *Babbitt v. Sweet Home Ch. of Communities for a Great Oregon,* 515 U.S. 687 (1995), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's, the regulation's, or the *Babbitt* decision's plain language, meaning, and/or context.

28. The allegations in Paragraph 28 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

29. The allegations in Paragraph 29 purport to describe and characterize the ESA, 50 C.F.R. § 17.31, and 40 Fed. Reg. 44,412, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's,

the regulation's, or the Federal Register notice's plain language, meaning, and/or context.

30. The allegations in Paragraph 30 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

31. The allegations in Paragraph 31 purport to describe and characterize the ESA and 50 C.F.R. § 424.11, which speaks for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's or the regulation's plain language, meaning, and/or context.

32. The allegations in Paragraph 32 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

33. The allegations in Paragraph 33 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

34. The allegations in Paragraph 34 purport to describe and characterize the Final Policy on Interpretation of the Phrase "Significant Portion of its Range" in the Endangered Species Act's Definitions of "Endangered Species" and "Threatened Species," 79 Fed. Reg. 37578 (July 1, 2014) ("Final SPR Policy"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final SPR Policy's plain language, meaning, and/or context.

35. Federal Defendants deny the allegations in the first sentence of Paragraph 35 as vague and ambiguous. The remaining allegations in Paragraph 35 purport to describe and

characterize the federal court decisions in *Defenders of Wildlife v. Norton*, 258 F.3d 1136 (9th Cir. 2001); *Defenders of Wildlife v. Salazar*, 729 F. Supp. 2d 1207, 1218 (D. Mont. 2010); and *WildEarth Guardians v. Salazar*, No. CV-09-00574-PHX-FJM, 2010 WL 3895682, at *4-6 (D. Ariz. Sept. 30, 2010), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the decisions' plain language, meaning, and/or context.

36. Federal Defendants deny the allegations in Paragraph 36.

37. The allegations in Paragraph 37 purport to describe and characterize the ESA and 50 C.F.R. §§ 402.02 and 402.03, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's or the regulations' plain language, meaning, and/or context.

38. The allegations in Paragraph 38 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

39. The allegations in Paragraph 39 purport to describe and characterize the ESA and 50 C.F.R. §§ 402.02, 402.12, and 402.14, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's or the regulations' plain language, meaning, and/or context.

40. The allegations in Paragraph 40 purport to describe and characterize the ESA and 50 C.F.R. §§ 402.02 and 402.14, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's or regulations' plain language, meaning, and/or context.

41. The allegations in the first sentence of Paragraph 41 purport to describe and characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the regulation's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 41 purport to characterize and describe the decisions in *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 524 F.3d 917 (9th Cir. 2008) and *Alaska v. Lubchenco*, 723 F.3d 1043 (9th Cir. 2013), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the decisions' plain language, meaning, and/or context.

42. The allegations in Paragraph 42 purport to describe and characterize the ESA and 50 C.F.R. §§ 402.02 and 402.14, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's or regulations' plain language, meaning, and/or context.

43. The allegations in Paragraph 43 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

44. The allegations in Paragraph 44 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

45. The allegations in Paragraph 45 purport to describe and characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the APA's plain language, meaning, and/or context.

46. The allegations in the first, third, and fourth sentences of Paragraph 46 purport to describe and characterize the APA, the ESA, and the United States Supreme Court's decision in *Bennett v. Spear*, 520 U.S. 154 (1997), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the APA's, ESA's, or the *Bennett* decision's plain language, meaning, and/or context. Federal Defendants deny the allegations in the second sentence of Paragraph 46. The allegations in the fifth sentence of Paragraph 46 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

47. The allegations in Paragraph 47 purport to describe and characterize the APA and the United States Supreme Court's decision in *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Co.*, 463 U.S. 29 (1983), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the APA's or *State Farm* decision's plain language, meaning, and/or context.

48. Federal Defendants admit the allegations in Paragraph 48.

49. Federal Defendants admit the allegations in Paragraph 49.

50. Federal Defendants admit the allegations in the first, second, third, and fourth sentences of Paragraph 50. Federal Defendants deny the allegations in the fifth sentence of Paragraph 50, but admit that northern long-eared bats may not return to the same specific hibernaculum every year, although the species is documented to return to an established group of hibernacula over the long term.

51. Federal Defendants admit the allegations in Paragraph 51.

52. Federal Defendants admit the allegations in Paragraph 52.

53. Federal Defendants admit the allegations in the first, second, third, fourth, and sixth sentences of Paragraph 53. Federal Defendants deny the allegations in the fifth sentence of Paragraph 53, but aver that the pup season occurs between approximately June 1 and July 31 each year.

54. Federal Defendants admit the allegations in the first sentence of Paragraph 54. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 54, and therefore deny same.

55. Federal Defendants admit the allegations in the first, third, and fifth sentences of Paragraph 55. Federal Defendants deny the allegations in the second sentence of Paragraph 55, but admit that the swarming season fills the time between summer and winter seasons and the purpose of swarming behavior may include the introduction of juveniles to potential hibernacula, copulation, and stopping over sites on migratory pathways between summer and winter regions. Federal Defendants deny the allegations in the fourth sentence of Paragraph 55.

56. Federal Defendants deny the allegations in Paragraph 56, but aver that access to food during the swarming season is important to provide sufficient resources for the winter.

57. Federal Defendants admit the allegations in Paragraph 57.

58. The allegations in Paragraph 58 purport to describe and characterize the Threatened Species Status for the Northern Long-Eared Bat with 4(d) Rule on April 2, 2015, 80 Fed. Reg. 17974 (Apr. 2. 2015) ("Threatened Status and Interim 4(d) Rule") and the Proposed Rule for Listing, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the

Threatened Status and Interim 4(d) Rule's or the Proposed Rule for Listing's plain language, meaning, and/or context.

59. The allegations in Paragraph 59 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

60. The allegations in Paragraph 60 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

61. The allegations in Paragraph 61 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

62. The allegations in Paragraph 62 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

63. The allegations in Paragraph 63 purport to describe and characterize the Threatened Status and Interim 4(d) Rule and Proposed Rule for Listing, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's or Proposed Rule for Listing's plain language, meaning, and/or context.

64. The allegations in Paragraph 64 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

65. The allegations in Paragraph 65 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

66. Federal Defendants deny the allegations in the first sentence of Paragraph 66 as vague and ambiguous. The remaining allegations in Paragraph 66 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

67. The allegations in Paragraph 67 purport to describe and characterize the Proposed Rule for Listing, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's plain language, meaning, and/or context.

68. The allegations in Paragraph 68 purport to describe and characterize the Proposed Rule for Listing and the Threatened Status and Interim 4(d) Rule, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's and Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

69. Federal Defendants admit the allegations in Paragraph 69.

70. The allegations in Paragraph 70 purport to describe and characterize the Proposed Rule for Listing, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's plain language, meaning, and/or context.

71. The allegations in Paragraph 71 purport to describe and characterize the Proposed Rule for Listing, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's plain language, meaning, and/or context.

72. The allegations in Paragraph 72 purport to describe and characterize the Proposed Rule for Listing, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's plain language, meaning, and/or context.

73. The allegations in Paragraph 73 purport to describe and characterize the Proposed Rule for Listing, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's plain language, meaning, and/or context.

74. The allegations in Paragraph 74 purport to describe and characterize the Proposed Rule for Listing, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's plain language, meaning, and/or context.

75. The allegations in Paragraph 75 purport to describe and characterize the Proposed Rule for Listing, which speaks for itself and is the best evidence of its contents. Federal

Defendants deny any allegations inconsistent with the Proposed Rule for Listing's plain language, meaning, and/or context.

76. The allegations in Paragraph 76 purport to describe and characterize the Proposed Rule for Listing, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's plain language, meaning, and/or context.

77. The allegations in Paragraph 77 purport to describe and characterize the Proposed Rule for Listing, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's plain language, meaning, and/or context.

78. The allegations in Paragraph 78 purport to describe and characterize the Proposed Rule for Listing, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's plain language, meaning, and/or context.

79. Federal Defendants admit that the *Federal Register* published the Proposed Rule for Listing on October 2, 2013 and the Threatened Status and Interim 4(d) Rule on April 2, 2015. Federal Defendants deny the remaining allegations in Paragraph 79.

80. Federal Defendants admit the allegations in Paragraph 80.

81. The allegations in the first sentence of Paragraph 81 purport to characterize the ESA and the 6-Month Extension of Final Determination on the Proposed Endangered Status for the Northern Long-Eared Bat, 79 Fed. Reg. 36698 (June 30, 2014) ("6-Month Extension"), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's or 6-Month

Extension's plain language, meaning, and/or context. Federal Defendants admit the allegations in the second sentence of Paragraph 81.

82. Federal Defendants admit the allegations in Paragraph 82.

83. Federal Defendants admit the allegations in Paragraph 83.

84. Federal Defendants admit the allegations in Paragraph 84.

85. The allegations in the Paragraph 85 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

86. The allegations in the Paragraph 86 purport to describe and characterize the Threatened Status and Interim 4(d) Rule and 50 C.F.R. § 17.31, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's or regulation's plain language, meaning, and/or context.

87. Federal Defendants admit the allegations in Paragraph 87.

88. Federal Defendants admit the allegations in Paragraph 88.

89. The allegations in Paragraph 89 purport to describe and characterize the Proposed Rule for Listing and the Threatened Status and Interim 4(d) Rule, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's or the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

90. The allegations in Paragraph 90 purport to describe and characterize the Proposed Rule for Listing and the Threatened Status and Interim 4(d) Rule, which speak for

themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's or the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

91. The allegations in Paragraph 91 purport to describe and characterize the Proposed Rule for Listing and the Threatened Status and Interim 4(d) Rule, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's or the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

92. The allegations in Paragraph 92 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

93. The allegations in Paragraph 93 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

94. The allegations in Paragraph 94 purport to describe and characterize the Proposed Rule for Listing and the Threatened Status and Interim 4(d) Rule, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's or the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

95. The allegations in Paragraph 95 purport to describe and characterize the Proposed Rule for Listing and the Threatened Status and Interim 4(d) Rule, which speak for

themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's or the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

96. The allegations in Paragraph 96 purport to describe and characterize the Proposed Rule for Listing and the Threatened Status and Interim 4(d) Rule, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's or the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

97. The allegations in Paragraph 97 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

98. The allegations in Paragraph 98 purport to describe and characterize the Proposed Rule for Listing and the Threatened Status and Interim 4(d) Rule, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Proposed Rule for Listing's or the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

99. The allegations in Paragraph 99 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

100. The allegations in Paragraph 100 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its

contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

101. Federal Defendants admit the allegations in the first sentence of Paragraph 101. The remaining allegations in Paragraph 101 purport to describe and characterize a Supplemental Explanation for the Legal Basis of the Department's May 15, 2008, Determination of Threatened Status for Polar Bears ("Supplemental Explanation") and the Threatened Status and Interim 4(d) Rule, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Supplemental Explanation's or Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

102. Federal Defendants admit the allegations that "[t]he memorandum was not published for notice and comment rulemaking." Federal Defendants deny the remaining allegations in Paragraph 102 as vague and ambiguous.

103. The allegations in Paragraph 103 purport to describe and characterize the Supplemental Explanation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Supplemental Explanation's plain language, meaning, and/or context.

104. The allegations in Paragraph 104 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

105. The allegations in Paragraph 105 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its

contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

106. The allegations in Paragraph 106 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

107. The allegations in Paragraph 107 purport to characterize and describe the Final SPR Policy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final SPR Policy's plain language, meaning, and/or context.

108. The allegations in Paragraph 108 purport to describe and characterize the Final SPR Policy and the Draft Policy on Interpretation of the Phrase "Significant Portion of Its Range" in the Endangered Species Act's Definitions of "Endangered Species" and "Threatened Species," 76 Fed. Reg. 76987 (Dec. 9, 2011) ("Draft SPR Policy"), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Final SPR Policy's or the Draft SPR Policy's plain language, meaning, and/or context.

109. The allegations in Paragraph 109 purport to describe and characterize the Final SPR Policy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the SPR Policy's plain language, meaning, and/or context.

110. The allegations in Paragraph 110 purport to describe and characterize the Draft SPR Policy, which speaks for itself and is the best evidence of its contents. Federal

Defendants deny any allegations inconsistent with the Draft SPR Policy's plain language, meaning, and/or context.

111. The allegations in Paragraph 111 purport to describe and characterize the Final SPR Policy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final SPR Policy's plain language, meaning, and/or context.

112. Federal Defendants deny the allegations in Paragraph 112.

113. Federal Defendants deny the allegations in Paragraph 113.

114. Federal Defendants deny the allegations in Paragraph 114.

115. Federal Defendants deny the allegations in the first and second sentences of Paragraph 115. The allegations in the third sentence of Paragraph 115 purport to describe and characterize the Final SPR Policy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final SPR Policy's plain language, meaning, and/or context. Federal Defendants deny the allegations in the fourth sentence of Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

117. The allegations in the first and second sentences of Paragraph 117 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context. Federal Defendants deny the allegations in the third sentence of Paragraph 117 as vague and ambiguous. The allegations in the fourth sentence of Paragraph 117 purport to describe and characterize the Threatened Status and Interim 4(d) Rule, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's plain language, meaning, and/or context.

118. Federal Defendants deny the allegations in the first sentence of Paragraph 118 as vague and ambiguous. Federal Defendants deny the remaining allegations in Paragraph 118.

119. Federal Defendants deny the allegations in Paragraph 119.

120. The allegations in Paragraph 120 purport to describe and characterize 50 C.F.R. § 17.31, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the regulation's plain language, meaning, and/or context.

121. Federal Defendants admit the allegations in Paragraph 121 that "[o]n January 14, 2016, the Service published its final 4(d) rule for the northern long-eared bat." The remaining allegations in Paragraph 121 are legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

122. The allegations in Paragraph 122 purport to describe and characterize the Threatened Status and Interim 4(d) Rule and the Final 4(d) Rule, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's or the Final 4(d) Rule's plain language, meaning, and/or context.

123. The allegations in Paragraph 123 purport to describe and characterize the Threatened Status and Interim 4(d) Rule and the Final 4(d) Rule, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's or the Final 4(d) Rule's plain language, meaning, and/or context.

124. The allegations in Paragraph 124 purport to describe and characterize the Threatened Status and Interim 4(d) Rule and the Final 4(d) Rule, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the Threatened Status and Interim 4(d) Rule's or the Final 4(d) Rule's plain language, meaning, and/or context.

125. The allegations in Paragraph 125 purport to describe and characterize the Final 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final 4(d) Rule's plain language, meaning, and/or context.

126. Federal Defendants deny the allegations in the first sentence of Paragraph 126. The remaining allegations in Paragraph 126 purport to describe and characterize the Final 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final 4(d) Rule's plain language, meaning, and/or context.

127. Federal Defendants deny the allegations in Paragraph 127.

128. Federal Defendants deny the allegations in Paragraph 128 as vague and ambiguous.

129. Federal Defendants deny the allegations in Paragraph 129 as vague and ambiguous.

130. Federal Defendants deny the allegations in Paragraph 130.

131. Federal Defendants deny the allegations in Paragraph 131.

132. Federal Defendants deny the allegations in Paragraph 132.

133. The allegations in the first sentence of Paragraph 133 purport to describe and characterize the Final 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final 4(d)

Rule's plain language, meaning, and/or context. Federal Defendants deny the allegations in the second sentence of Paragraph 133.

134. The allegations in Paragraph 134 purport to describe and characterize the Final 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final 4(d) Rule's plain language, meaning, and/or context.

135. Federal Defendants deny the allegations in Paragraph 135.

136. The allegations in Paragraph 136 purport to describe and characterize the Final 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final 4(d) Rule's plain language, meaning, and/or context.

137. The allegations in Paragraph 137 purport to describe and characterize the Final 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final 4(d) Rule's plain language, meaning, and/or context.

138. The allegations in Paragraph 138 purport to describe and characterize the Final 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final 4(d) Rule's plain language, meaning, and/or context.

139. The allegations in Paragraph 139 purport to describe and characterize the Final 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final 4(d) Rule's plain language, meaning, and/or context.

140. The allegations in Paragraph 140 purport to describe and characterize the Final 4(d) Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Final 4(d) Rule's plain language, meaning, and/or context.

141. Federal Defendants deny the allegations in Paragraph 141, but aver that they complied with their obligations under ESA Section 7(a)(2) in promulgating the 4(d) rule.

142. The allegations in Paragraph 142 purport to describe and characterize the Programmatic Biological Opinion on Final 4(d) Rule for the Northern Long-Eared Bat and Activities Excepted from Take Prohibitions ("Biological Opinion"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Biological Opinion's plain language, meaning, and/or context.

143. The allegations in Paragraph 143 purport to describe and characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Biological Opinion's plain language, meaning, and/or context.

144. The allegations in Paragraph 144 purport to describe and characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Biological Opinion's plain language, meaning, and/or context.

145. The allegations in Paragraph 145 purport to describe and characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Biological Opinion's plain language, meaning, and/or context.

146. The allegations in Paragraph 146 purport to describe and characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Biological Opinion's plain language, meaning, and/or context.

147. The allegations in Paragraph 147 purport to describe and characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Biological Opinion's plain language, meaning, and/or context.

148. Federal Defendants deny the allegations in the first sentence of Paragraph 148. The remaining allegations in Paragraph 148 purport to describe and characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the Biological Opinion's plain language, meaning, and/or context.

149. Federal Defendants deny the allegations in Paragraph 149.

150. Federal Defendants deny the allegations in Paragraph 150.

151. Federal Defendants deny the allegations in Paragraph 151.

152. Federal Defendants deny the allegations in Paragraph 152.

153. Federal Defendants incorporate by reference each and every response set forth in this Answer in their responses to each of the Claims for Relief set forth below.

154. The allegations in Paragraph 154 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

155. The allegations in Paragraph 155 purport to describe and characterize the ESA and 50 C.F.R. § 424.11, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's or regulation's plain language, meaning, and/or context of the ESA.

156. Federal Defendants deny the allegations in Paragraph 156.

157. Federal Defendants deny the allegations in the first sentence of Paragraph 157. Federal Defendants deny the allegations in the second sentence of Paragraph 157 as vague and ambiguous.

158. Federal Defendants deny the allegations in Paragraph 158.

159. Federal Defendants deny the allegations in Paragraph 159.

160. Federal Defendants deny the allegations in Paragraph 160.

161. Federal Defendants deny the allegations in Paragraph 161.

162. Federal Defendants deny the allegations in Paragraph 162.

163. The allegations in Paragraph 163 purport to describe and characterize the decision in *Defenders of Wildlife v. Norton*, 258 F.3d 1136 (9th Cir. 2011), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the decision's plain language, meaning, and/or context.

164. Federal Defendants deny the allegations in Paragraph 164.

165. Federal Defendants deny the allegations in Paragraph 165.

166. Federal Defendants deny the allegations in Paragraph 166.

167. Federal Defendants deny the allegations in Paragraph 167.

168. Federal Defendants deny the allegations in Paragraph 168.

169. Federal Defendants deny the allegations in Paragraph 169.

170. The allegations in Paragraph 170 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

171. The allegations in Paragraph 171 purports to characterize the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the ESA's plain language, meaning, and/or context.

172. Federal Defendants deny the allegations in Paragraph 172.

173. Federal Defendants deny the allegations in Paragraph 173.

174. Federal Defendants deny the allegations in Paragraph 174.

175. Federal Defendants deny the allegations in Paragraph 175.

176. Federal Defendants deny the allegations in Paragraph 176.

177. Federal Defendants deny the allegations in Paragraph 177.

178. Federal Defendants deny the allegations in Paragraph 178.

179. Federal Defendants deny the allegations in Paragraph 179.

180. Federal Defendants deny the allegations in Paragraph 180.

181. Federal Defendants deny the allegations in Paragraph 181.

182. Federal Defendants deny the allegations in Paragraph 182.

183. Federal Defendants deny the allegations in Paragraph 183.

184. The allegations in Paragraph 184 purport to describe and characterize the ESA and 50 C.F.R. §§ 402.03 and 402.14, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ESA's or regulations' plain language, meaning, and/or context.

185. Federal Defendants deny the allegations in Paragraph 185.

186. Federal Defendants deny the allegations in Paragraph 186.

The remainder of the Complaint constitutes Plaintiff's Prayer for Relief, which requires no response. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

All allegations in the Complaint that have not been specifically admitted, denied, or qualified, are hereby expressly denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim or claims upon which relief can be granted.
2. The Court lacks jurisdiction over some or all of Plaintiff's claims.
3. Plaintiff lacks standing on some or all of its claims.
4. Federal Defendants reserve the right to assert additional affirmative defenses during the course of litigation.

Wherefore Federal Defendants pray that this Court enter judgment in their favor and against Plaintiff, dismiss the Complaint against Federal Defendants, deny all of Plaintiff's claims for relief and costs, and grant such other relief as the Court may deem just and proper.

DATED: July 19, 2016

Respectfully submitted,

JOHN C. CRUDEN, Assistant Attorney General
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief

/s/ *Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section

Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 307-6623 (tel)
(202) 305-0275 (fax)
kaitlyn.poirier@usdoj.gov

/s/ *Lucinda J. Bach*
LUCINDA J. BACH, Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 616-9663 (tel)
(202) 305-0275 (fax)
lucinda.bach@usdoj.gov

Of Counsel for Federal Defendants:

STUART N. RADDE, Attorney Advisor
United States Department of the Interior
Office of the Solicitor

Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2016, a true and correct copy of the above Answer was electronically filed with the Clerk of Court using CM/ECF. Copies of the Answer will be served upon interested counsel via the Notices of Electronic Filing that are generated by CM/ECF.

/s/ *Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 307-6623 (tel)
(202) 305-0275 (fax)
kaitlyn.poirier@usdoj.gov